JAS. M. HONAKER AND WIFE *v.* W. W. BUCKLEY.

[Abstract Kentucky Law Reporter, Vol. 6—362.]

**Proof of Terms of Written Contract.**

Where the parties to a written contract admit that the writing is defective and does not contain all that was agreed on by the parties it opens the door for proof to add to and vary the stipulations in the manner authorized by the evidence.

APPEAL FROM PIKE CIRCUIT COURT.

November 1, 1884.

OPINION BY JUDGE PRYOR:

The appellants filed their petition alleging a sale of the land described in the petition to them under an executory agreement in which they seek to enforce the contract and to reform the instrument by reason of its inaccuracy as to boundary so as to carry out the real intent of the parties.

The appellee concedes that the boundary is indefinite and that the writing was in the nature of a memorandum setting forth in an indefinite manner the terms of the agreement. He concedes the

omissions from the contract as alleged and says that by mistake other stipulations were not inserted affecting materially the right of the appellee. He says it was expressly agreed at the time that he was to reserve in the deed a road of twelve feet in width through the land sold to enable him to get to the public road and the mill.

This really is the only controversy between the parties and as the proof is conflicting on this point and both parties agreeing or rather alleging that the writing exhibited is the mere skeleton of the contract, we are satisfied the court below acted properly in adjudging that the appellee was entitled to receive his right of way along the road already traveled, in the conveyance he was required to make to the appellants.

The location of the land sold by the appellee to the appellants conduces strongly to sustain the latter's evidence on the subject. Without this reservation it cut the appellee off from any way to the public road or river and it is scarcely reasonable that he would have made a sale without some understanding in regard to this right of way. The testimony however, outside of any circumstances connected with the location of the land was sufficient to authorize the judgment, and when the appellants admit that the writing was defective or omitted to contain all that was agreed on by the parties it opens the door for this character of proof and when both say the writing is not the true agreement, the Chancellor can afford to add to or vary the stipulations as the testimony may authorize.

Judgment *affirmed.*

*York & Ferguson, for appellants.*